UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAMLITON COUNTY TREASURER,  Case No. 1:16-cv-1114

    Plaintiff,

        v.

Black, J.
Bowman, M.J.

DERRYN N. NESBITT, et al.,

    Defendants.

### REPORT AND RECOMMENDATION

The above captioned case was removed to this Court by two *pro se* Defendants, "Dwight Earl of the family Jones" and "Derryn Nicole of the family Jones," otherwise identified in the caption of this complaint as "Derryn N. Nesbitt."  By separate order issued this date, Defendants have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  This matter is now before the Court for a *sua sponte* review of the Defendants' "Notice of Removal," which has been construed as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3).

The removal petition reflects that Defendants were named in a foreclosure action initiated in the Hamilton County, Ohio Court of Common Pleas for unpaid real estate taxes. That state court lawsuit was filed on October 31, 2016.  Removal to this Court by the two *pro se* Defendants appears to have been improperly attempted for the sole purpose of preventing the foreclosure from proceeding against them.

The removal statute, 28 U.S.C. § 1441, provides in relevant part:  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Defendants carry the burden of showing that removal is proper and that this Court has original jurisdiction.  *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008).  Where jurisdiction is in doubt, the matter should be remanded to state court.  *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999).

There is absolutely no basis for federal jurisdiction in this case.  The state court complaint attached to the notice of removal does not show that this case arises under the Constitution or laws of the United States, as would provide jurisdiction under 28 U.S.C. § 1331. Defendants appear to believe that the foreclosure action violates their constitutional and/or civil rights.  Under the "well-pleaded complaint" rule, a plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law, as Hamilton County has done in this case.   The assertion of any federal defense by Defendants to the state court foreclosure action is insufficient to support removal jurisdiction.  *See See Caterpillar Inc. v. Williams,* 482 U.S. at   at 393; *Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (1989) (foreclosure of mortgage under state law raises no federal issue, plaintiff's "reliance upon federal regulations in his defense notwithstanding."). Other than Defendants' nonsensical and facially frivolous defenses, the complaint for foreclosure relies exclusively on state law remedies and does not implicate any federal laws.

Published Sixth Circuit case law, as well as a multitude of unpublished cases, universally hold that removal of a foreclosure action from state court to federal court is

2

improper and "devoid of even fair support." *See, e.g., Chase Manhattan Mortg. Corp. v. Smith*, 507 F.2d 910, 913 (6th Cir. 2007). In fact, the same two Defendants recently filed a nearly identical *pro se* notice of removal in another case, which was dismissed by the same presiding district judge assigned to this case, on the same grounds advocated herein. *See U.S. Bank Nat'l Assoc. v. Jones*, Case No. 1:16-cv-423 (R&R filed on March 31, 2016 by Litkovitz, MJ), adopted 2016 WL 3360527 (S.D. Ohio June 13, 2016). While it is unclear whether the same property is at issue, the undersigned takes judicial notice of the fact that the same two individuals recently initiated a *pro se* lawsuit as plaintiffs in which they allege claims for violations of the Fair Debt Collection Practices Act and civil RICO theories, based upon alleged improprieties in a mortgage foreclosure action. *See Jones v. U.S. Bank, N.A., as Trustee*, Case No. 1:16-cv-778-TSB-KLL[1]

In short, not only is there clearly no basis for federal jurisdiction that would permit removal of this case, but Defendants should have been well aware of that fact when they filed their improper removal "Notice." *See generally*; Nationstar Mortgage, LLC v. Blakney, Case No. 1:16-cv-304, 2016 WL 1658704 (R&R Feb. 17, 2016), adopted at 2016 WL 1690699 (S.D. Ohio April 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Montgomery*, Case No. 1:13-cv-367-MRB, 2014 WL 5460546 (S.D. Ohio Oct. 27, 2014) (remanding improperly removed foreclosure action); *Citigroup Global Markets Realty Corp. v. Brown*, Case No. 2-13-cv-1232, 2014 WL 4748615 at *6 (S.D. Ohio, Sept. 23, 2014) ("The claims in a foreclosure action do not depend on the validity, construction, or effect of a federal law."); *Citimortgage v. Nyamusevya*, Case No. 2:13-cv-680, 2014 WL 1217971 (S.D. Ohio, March

---

[1]The undersigned is not assigned to Case No. 1:15-cv-778, and nothing herein is intended to express an opinion on the merits of the Defendants' pending motion to dismiss, which characterizes the lawsuit as "the latest chapter in a long saga of dilatory tactics that Plaintiffs Derryn N. Jones and Dwight E. Jones have taken to stave off foreclosure." *See* Case No. 1:16-cv-778-TSB-KLL, Doc. 16, PageID 309.

3

21, 2014)(no federal jurisdiction over state foreclosure action); *Bank v. America v. Smith*, Case No. 1:13-cv-598-SJD, 2013 WL 5521787 (S.D. Ohio Oct. 3, 2013)(remanding improperly removed foreclosure action); *PNC Bank, N.A. v. Cook*, Case No. 1:12-cv-930-MRB, 2013 WL 97983 (S.D. Ohio Jan. 8, 2013)(R&R holding same, adopted by Barrett, J.); *Bank v. America v. Davidson*, Case No. 1:12-cv-26-SJD, 2012 WL 404870 (S.D. Ohio Jan. 20, 2012)(same); *JPMorgan Chase Bank, N.A. v. Canyon*, Case No. 1:10-cv-894-MRB, 2010 WL 7199515 (S.D. Ohio Dec. 29, 2010).

In addition to recommending remand, the undersigned notes that numerous published and unpublished cases favor the imposition of a monetary sanction against *pro se* Defendants who seek removal on such frivolous grounds as those asserted here. Because this is the second foreclosure case that these same Defendants have improperly attempted to remove to this Court on the same grounds within a few months of the prior dismissal, it would be appropriate for the presiding district judge to impose sanctions in this case. *See*, *e.g.*, *Chase Manhattan Mortg. Corp. v. Smith*, 910 F.2d 910 (6th Cir. 2007) (imposing costs and fees in the amount of $6513.16 despite grant of in forma *pauperis* status in federal court, and fact defendants had filed for bankruptcy); *see also 3W International, Inc. v. Scottdel, Inc.*, 722 F. Supp.2d 934 (N.D. Ohio 2010) (awarding fees where attorney had no improper purpose and believed in good faith that removal was proper, because removal was still objectively unreasonable); *Countrywide Home Loans, Inc. v. Bartmasser*, Case No. 2:08-cv-805, 2009 WL 4678840 (S.D. Ohio Oct. 22, 2008) (directing plaintiff to file a motion for fees accompanied by an itemized accounting of fees and costs incurred in connection with the motion of remand, in light of lack of "objectively reasonable basis" and "clear prohibition" of removal of mortgage foreclosure case); *Federal Nat. Mortg. Ass'n v. Jaa*, 2014 WL 1910898

4

at *9 (W.D. Tenn. May 13, 2014) (awarding reasonable attorney's fees against *pro se* defendant proceeding *in forma pauperis* who improperly removed foreclosure-related case, noting that "[t]he court can only surmise that [defendant's] removal is intended to delay the state court proceedings."); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650 (7th Cir. 2014) (affirming award of costs and attorney fees to mortgagee for improper removal of mortgagee's foreclosure action, including expense of defending that award on appeal).

In another case, the same presiding district judge imposed a $1,200.00 sanction upon *pro se* Defendants who raised very similar frivolous arguments, and persisted in those frivolous arguments after the Court adopted the Report and Recommendation of the undersigned by filing a "motion for reconsideration." *See Deutsche Bank Nat'l Trust Co., v. Wolf*, Case No. 1:15-cv-814 (Doc. 19, August 24, 2016). In that case, the Bank had appeared and had been prejudiced by having to defend the improperly removed case. It is true that Hamilton County has not yet appeared in this case, and thus arguably has not yet suffered damages from the improper removal. However, as a matter of judicial discretion and because the Defendants have deliberately flouted the Court's prior ruling by filing a second and nearly identical Notice of Removal on a foreclosure case, the undersigned recommends the imposition of a sanction of at least $100.00.

### III. Conclusion and Recommendation

Accordingly, for these reasons, it is therefore **RECOMMENDED**:

1. Defendants' removal petition should be **DENIED** for lack of subject matter jurisdiction, and this case be **REMANDED** to the Hamilton County Court of Common Pleas. *See* 28 U.S.C. §1447(c).

2. In addition to remanding this case, the Court should require Defendants

      to pay the amount of $100.00 to the Clerk of Court as a sanction for filing a wholly frivolous petition for removal of this case;

3.     The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Defendants leave to appeal *in forma pauperis*. Defendants remain free to apply to proceed *in forma pauperis* in the Court of Appeals.

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| HAMLITON COUNTY TREASURER, | Case No. 1:16-cv-1114 |
| Plaintiff, | |
| | Black, J. |
| v. | Bowman, M.J. |
| DERRYN N. NESBITT, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).